UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brook Heimbach,

              Plaintiff,        Case No. 13-cv-12715
                                     Hon. Judith E. Levy

v.

Signs365.com, LLC,

              Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**

This is an employment discrimination case. Before the Court is defendant Signs365.com's ("Signs365") motion for summary judgment. (Dkt. 12). For the reasons discussed below, the Court will grant the motion.

I.    Background

Defendant is a printing business that makes large format signs and advertisements. Plaintiff began working for defendant as a customer service representative on April 11, 2011. (Dkt. 1, Compl. ¶ 9.). Defendant offered plaintiff a starting pay of $12 per hour, which

plaintiff successfully negotiated to $14 per hour. In January 2012, defendant promoted plaintiff to Account Executive. Her hourly pay rate did not change, but she began receiving a 1% sales commission on top of her hourly rate. (*Id.*). Defendant promoted plaintiff again in July 2012 to the position of Manager of Customer Service. Plaintiff asked for a raise but was told it would be discussed at a later date.

Plaintiff's co-worker, Mark Ryan Hasiak ("Hasiak"), began work for Signs365 in November 2009, approximately a year and a half prior to plaintiff's hire. (Dkt. 12 at ¶¶ 2-4; Dkt. 16 at ¶¶ 2-4.) Defendant promoted Hasiak to Account Executive six months before plaintiff's promotion to this position. Defendant did not offer the Manager of Customer Service position to Hasiak and promoted plaintiff instead.

On August 7, 2012, plaintiff attended a meeting with defendant's management team. Hasiak was also present. The meeting concerned, among other things, employee morale. Someone asked plaintiff for her opinion on how to improve morale. Plaintiff replied that "most people want or need time off." (Dkt. 12, at ¶ 7; Dkt. 16 at ¶ 7.) Plaintiff contends that defendant's owner responded by yelling that she had taken more time off than anyone in the office. Plaintiff then stated

"well, maybe this should be considered a permanent vacation," and left the room. (Dkt. 16 at 16.) She returned to the room after a moment and told management that she intended to file a complaint with the Equal Employment Opportunity Commission ("EEOC") over derogatory remarks, including racial slurs, made by owners and managers at the office. Plaintiff asserts that management told her to "get the f*ck out" and to "get out." (*Id.* at 3.) Plaintiff left the office that day and did not return to work.

Plaintiff filed her Charge of Discrimination with the EEOC on August 21, 2012. The EEOC issued a Notice of Right to Sue on March 20, 2013. (Dkt. 1-1 at 2.) Plaintiff timely commenced the instant action, bringing claims of sex discrimination (Counts I and III), retaliation (Counts II and IV), and sexual harassment (Counts V and VI) under both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2010 *et seq*.

II. Standard of Review

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

3

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

III. Analysis

Defendant asserts that it is entitled to summary judgment on all counts because plaintiff admits she did not experience sex discrimination, she was not subjected to a hostile work environment, and she cannot establish retaliatory conduct by defendant. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court will decide this motion without oral argument.

A. Sex Discrimination Claims

Defendant asserts that it is entitled to summary judgment on plaintiff's sex discrimination claims (Counts I and III) for two reasons. First, defendant contends that plaintiff's deposition testimony alone

4

precludes her discrimination claim. Second, defendant maintains that plaintiff fails to make a *prima facie* case of discrimination because she cannot show she was treated differently from similarly situated male co-worker Hasiak.

Defendant's first argument does not entitle it to summary judgment. Defendant points to plaintiff's deposition testimony that she "personally [was not] discriminated against for being a woman" and maintains that this testimony alone supports summary judgment on plaintiff's sex discrimination claims. (Dkt. 13-2 at 24-25). Analysis of plaintiff's deposition testimony, however, reveals that she made that statement early in the deposition when being questioned about derogatory or hostile language in the workplace. Later in the deposition, plaintiff added that she had experienced discrimination insofar as she was paid less per hour than a similarly situated male co-worker, which is the basis for her sex discrimination claim. (*Id.* at 47-48). The Court will not accord dispositive weight to plaintiff's testimony that she was not personally discriminated against. Defendant is therefore not entitled to summary judgment on this basis.

5

In the alternative, defendant argues that plaintiff failed to make out a *prima facie* case of sex discrimination. To make a *prima facie* case of sex discrimination under either Title VII or ELCRA, plaintiff must show the following:

> (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably.
>
> \* \* \*
>
> If the plaintiff meets its initial burden of establishing a *prima facie* case, then the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the plaintiff's discharge. Once the defendant has done so, the burden reverts to the plaintiff to show that the defendant's alleged reason is a mere pretext for discrimination. At all times, the burden of persuasion remains with the plaintiff.

*Grace v. USCAR*, 521 F.3d 655, 677-78 (6th Cir. 2008) (internal citations omitted).

Defendant does not dispute that plaintiff meets the first three elements. Defendant contends, however, that plaintiff cannot show the fourth element – more favorable treatment of a similarly situated male co-worker. In this case, the only similarly situated male co-worker is

6

Hasiak, who began his employment with Signs365 approximately one and a half years before plaintiff and was paid $1 more per hour than plaintiff. Plaintiff has met her burden of establishing a prima facie case.

The burden then shifts to defendant to articulate a legitimate, nondiscriminatory reason for the pay disparity between plaintiff and Hasiak. Defendant has met its burden.Specifically, defendant has produced evidence that Hasiak worked for defendant for approximately one and a half years longer than plaintiff. Hasiak had also worked as an Account Executive for at least six months longer than plaintiff. Plaintiff also referred to Hasiak as her "go to since he had acquired the position before [her]." (Dkt. 13-2, Ex. A to Def.'s Br., Heimbach Dep. 14).

Because defendant has articulated a legitimate, nondiscriminatory reason for paying Hasiak $1 more per hour than plaintiff, the burden shifts back to plaintiff to prove that the reason for the pay disparity (Hasiak's seniority and experience) was a pretext for discrimination. The Sixth Circuit has articulated this burden-shifting analysis as follows:

> A plaintiff can refute the legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. In order to prove pretext, therefore, the plaintiff must introduce admissible evidence to show that the proffered reason was not the true reason for the employment decision and that [discriminatory] animus was the true motivation driving the employer's determination.

*Grace*, 521 F.3d at 677-78 (internal quotation marks and citations omitted).

Here, plaintiff has offered no evidence that defendant's proffered reason for the pay disparity was pretextual. Rather, plaintiff insists that defendant has offered no reason for the disparity. For example, plaintiff indicates that "she performed the exact same work but was paid $1 per hour less than Mark Ryan Hasiak for no explicable reason." (Dkt. 16, Pl.'s Resp. ¶ 15). Plaintiff has produced evidence that defendant valued her performance as an Account Executive, and promoted plaintiff based on her managerial experience. (*Id.* at 19, citing deposition testimony of defendant's manager). Plaintiff has not, however, offered any evidence to indicate that Hasiak's seniority and experience did not motivate, or was insufficient to warrant, the pay

8

disparity. Defendant is thus entitled to summary judgment on Counts I and III.

To the extent plaintiff attempts to cast her Title VII and ELCRA discrimination claims as Equal Pay Act claims, or seeks to amend her complaint to plead such claims, that attempt is not well taken. These issues are not properly raised in a response to a motion for summary judgment. *See Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989) ("A party is not entitled to wait until the discovery cutoff date has been passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint"). Moreover, allowing plaintiff to amend her complaint after discovery and summary judgment proceedings would cause significant prejudice to defendant. *See Ford Motor Co. v. Kahne*, 379 F.Supp.2d 857, 877-78 (E.D. Mich. 2005) (concluding that defendant would be significantly prejudiced if plaintiff could amend its complaint at the summary judgment stage).

B. Retaliation Claims

Defendant asserts that plaintiff cannot establish a retaliation claim for three reasons. First, according to defendant, plaintiff did not

complain to management about discriminatory practices. Second, defendant maintains that plaintiff's loss of client accounts was not an adverse employment action. Finally, defendant contends that plaintiff was not fired, but quit.

To establish a *prima facie* case of retaliation under Title VII and the ELCRA, a plaintiff must show 1) engagement in a protected activity; 2) the employer's knowledge of the protected activity; 3) plaintiff's subjection to an adverse employment action; and 4) a causal link between the protected activity and the adverse action. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997). Here, plaintiff asserts that she was fired for threatening to write a letter to the EEOC.[1] Defendant maintains that plaintiff quit before making any reference to the EEOC complaint.

Plaintiff alleges that she was fired at the August 7, 2012 meeting when defendant's management told her to get out. Defendant, on the other hand, maintains that plaintiff quit when she stated "maybe this

---

[1] In her complaint, plaintiff alleged that she suffered an adverse employment action when defendant decreased her client accounts. In her response brief, however, plaintiff does not address this argument. Plaintiff also concedes that she "did not vocally complain about" any alleged discriminatory conduct while working for defendant. The Court will therefore limit its analysis to the events connected to plaintiff's alleged discharge.

10

should be considered a permanent vacation." (Dkt. 13-2 at 79-80). Defendant also points to plaintiff's EEOC complaint letter, in which plaintiff stated "At [the August 7, 2012 meeting] I realized I could no longer take the abuse that this company has put on all of their employees and said that this would be my permanent time off." (Dkt. 17-1 at 2). Plaintiff testified in her deposition that the letter was truthful and accurate at the time she signed it. (Dkt. 17-2 at 2).

Plaintiff has presented no evidence, other than the allegations set forth in her complaint, that she was fired for threatening to file an EEOC complaint. Rather, plaintiff argues that the factual issues central to her retaliation claim – namely, whether she was fired or quit – hinge on credibility determinations, making summary judgment inappropriate. Plaintiff's position, however, is contradicted by her own words in her letter to the EEOC. Plaintiff cannot create a genuine issue of material fact by contradicting her own prior statements. *See, e.g., Miller v. Fed. Deposit Ins. Corp*, 906 F.2d 972, 975-76 (4th Cir. 1990) ("[a] genuine dispute of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946,

960 (4th Cir. 1984))). Because plaintiff has presented no evidence aside from the allegations in her complaint that she was fired, she has failed to meet her burden of showing the existence of a genuine issue of material fact with respect to the adverse employment action element of her retaliation claims. Defendant is therefore entitled to summary judgment on Counts II and IV.

C.   Sexual Harassment

Defendant asserts that plaintiff failed to establish her claims of sexual harassment because she has only alleged three incidents over the course of a year and a half. Defendant further contends that plaintiff has only pled *sexual* harassment, and therefore cannot support her claim with incidents concerning race, weight, or sexual orientation. Moreover, defendants maintain that plaintiff could not assert a hostile work environment claim based on a protected class to which she does not belong. Specifically, plaintiff, who is white, cannot allege a hostile work environment based on race discrimination.

In response, plaintiff repeats the alleged incidents of sexual harassment raised in her complaint: an advertisement featuring a naked woman, a manager yelling a derogatory sexual term several times in the

12

hallway, and a manager grabbing his wife inappropriately from behind. Plaintiff does not dispute that these three incidents occurred over a sixteen-month time period. Plaintiff adduces no other evidence of sexual harassment. Instead, plaintiff spends much of her response on alleged incidents of racially offensive language and behavior.

As a preliminary matter, plaintiff's assertions based on alleged incidents related to race, weight, and sexual orientation cannot support plaintiff's claim of sexual harassment. "Title VII protects individuals who, though not members of a protected class, are 'victims of discriminatory animus toward [protected] third persons with whom the individuals associate.'" *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 512 (6th Cir. 2009) (citing *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 994 (6th Cir. 1999)). Here, plaintiff has not alleged any association with members of a protected class. Nor has she alleged personal discrimination because of any such association. Thus, the facts provided by plaintiff that do not relate to sexual harassment cannot be used to show there is a material question of fact regarding whether plaintiff experienced sexual harassment while working for defendant.

To prevail on her sexual harassment claim under Title VII, plaintiff must show the following:

> (1) that she is a member of a protected class; (2) that she was subject to unwelcomed sexual harassment; (3) the harassment was based on sex; (4) the harassment unreasonably interfered with her work performance and created a hostile work environment; and (5) [the employer] knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action.

*Valentine-Johnson v. Roche*, 386 F.3d 800, 814 (6th Cir. 2004). Sexual harassment is only actionable under Title VII if it is "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000)(citations and quotations omitted). The standard under the ELCRA is nearly identical. *See Radtke v. Everett*, 442 Mich. 368, 382 (1993) ("The essence of a hostile work environment action is that 'one or more supervisors or co-workers create an atmosphere so infused with hostility toward members of one sex that they alter the conditions of employment for them.'" (quoting *Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881, 897 (1st Cir. 1988)).

The Court must consider the totality of the circumstances in determining whether the alleged harassment rises to the level of severe

14

or pervasive. *Williams v. General Motors Corp.*, 187 F.3d 553, 562 (6th Cir. 1999). "[E]ven where individual instances of sexual harassment do not on their own create a hostile environment, the accumulated effect of such incidents may result in a Title VII violation." *Id.* at 563. Severity and pervasiveness are measured by both an objective and a subjective standard. "[T]he conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the victim must subjectively regard that environment as abusive." *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 826 (6th Cir. 1997). To determine the severity or pervasiveness of the conduct, courts consider factors such as the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the victim's work performance. *Valentine-Johnson*, 386 F.3d at 814.

The factors here weigh in favor of defendant. As to frequency, plaintiff has alleged three incidents over a sixteen-month period. Moreover, plaintiff testified that two of the incidents were not directed at her in any way. (Dkt. 13-2, Heimbach Dep. 41). *See Black*, 104 F.3d at 826 (noting that sexual comments need not be directed at plaintiff to

violate Title VII, but the fact that comments were not directed at plaintiff weighed against a finding that the environment was objectively hostile). Plaintiff does not provide any additional evidence to indicate that the conduct she complains about was severe or pervasive.

Occasional comments or offensive utterances, such as the incidents plaintiff alleges, are insufficient to create a hostile work environment. *Compare Grace*, 521 F.3d at 679 (employee did not adduce sufficient evidence to survive summary judgment on her sexual harassment claim where a co-worker referred to plaintiff as a "dancing girl," commented on her appearance, and another employee quit because of the conduct), *with Williams*, 187 F.3d at 563 (concluding that plaintiff raised a genuine issue of material fact where plaintiff's supervisor "made her the target of unwanted and humiliating sexual innuendo," a co-worker repeatedly stated "Hey, slut" and "I'm sick and tired of these f*cking women," in addition to making inappropriate physical advances on plaintiff and other women in the office). Considering the totality of the circumstances, and looking at the evidence in the light most favorable to plaintiff, her allegations of sexual harassment do not rise to the level of severe or

pervasive. Defendant is therefore entitled to summary judgment on Counts V and VI.

IV. Conclusion

For the foregoing reasons, defendant is entitled to summary judgment on all of plaintiff's claims.

Accordingly, defendant's motion for summary judgment (Dkt. 12) is GRANTED; and Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: September 25, 2014      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2014.

    s/A. Chubb for Felicia M. Moses
    FELICIA M. MOSES
    Case Manager